UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* COUNSELOR'S CLINICAL COTTAGE, PSC, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 16-397-DCR |
| V. | ) ) ) | |
| COMPLIANCE ADVANTAGE LLC, et al., | ) ) ) | **MEMORANDUM ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of State Farm Fire and Casualty Company's ("State Farm") motion to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. [Record No. 38] State Farm alleges that it insured Defendant Compliance Advantage LLC under an insurance policy that provided some liability coverage. State Farm has provided a defense to Compliance Advantage under a reservation of rights and, through its Complaint for declaratory judgment, seeks a determination of whether the policy at issue covers Counselor's Clinical Cottage, PSC's claims against Compliance Advantage. [Record No. 38-1]

Rule 24(b) governs permissive intervention and provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). State Farm contends that, to decide the coverage issue, "the Court will need to apply the facts as established . . . on the underlying claims . . . ." [Record No. 38, p. 3] However, the fact that some of the evidence in

the main action would be relevant to the disposition of State Farm's claim does not create common *questions* of law or fact involving the main and secondary disputes. Where the main action involves the determination of liability between two parties, and a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, there is no common question of law or fact under Rule 24(b)(2). *Holley Performance Prods., Inc. v. Smith-CNC China Networking Co.*, No. 1:06CV-165-JHM, 2009 WL 10681179, at *5 (W.D. Ky. Oct. 14, 2009) (citing *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3d. Cir. 2005). *See Reliastar Life Ins. Co. v. MKP Invests.*, 565 F. App'x 369, 374-75 (6th Cir. 2014).

Because State Farm has not met the threshold showing of a common question of law or fact, the Court need not address its claims that the motion to intervene is timely and will not prejudice the other parties. Accordingly, it is hereby

**ORDERED** that State Farm Fire and Casualty Company's Motion to Intervene [Record No. 38] is **DENIED**.

Dated: August 30, 2018.

Signed By:
*Danny C. Reeves*
United States District Judge